# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR07-4011-MWB |
| vs. | **ORDER** |
| TIMOTHY LEE WILSON, | |
| Defendant. | |

This matter comes before the court on the defendant's motion for clarification (docket no. 151). The defendant filed such motion on July 17, 2015. The court correctly determined that it could not rely on Amendment 782 (subject to subsection (e)(1)) to reduce the defendant's sentence. Indeed, USSG §5G1.1 requires the court to take into consideration the statutory mandatory minimum sentence, that is, 120 months imprisonment on count 1 of the indictment. And, "the Fair Sentencing Act does not apply retroactively to defendants who were sentenced before August 3, 2010, and who seek a reduction in their sentences under section 3582(c)(2)." *United States v. Reeves*, 717 F.3d 647, 651 (8th Cir. 2013). Moreover, the court imposed a term of imprisonment outside the guideline range applicable to the defendant at the time of sentencing as a result of a downward variance. *See* USSG §1B1.10(b)(2)(A) ("Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection."); USSG §1B1.10, comment. (n.3) (making clear that a reduction is not authorized under 18 U.S.C. § 3582(c)(2) if the court imposed a term of imprisonment outside the guideline range

applicable to the defendant at the time of sentencing as a result of a downward departure or variance and such term is less than the minimum term of imprisonment provided by the amended guideline range); *see also United States v. Anderson*, 686 F.3d 585, 588-90 (8th Cir. 2012) (noting that not all downward departures and variances that applied to the original sentence are available under 18 U.S.C. § 3582(c)(2)); *United States v. Maxwell*, 590 F.3d 585, 588 (8th Cir. 2010) (discussing USSG §1B1.10(b)(2)(A)); *United States v. Higgins*, 584 F.3d 770, 772 (8th Cir. 2009) (same); *United States v. Murphy*, 578 F.3d 719, 721 (8th Cir. 2009) (same); *United States v. Wagner*, 563 F.3d 680, 682 (8th Cir. 2009) (emphasizing that the authority to reduce a sentence is constrained by USSG §1B1.10(b)(2)(A)). Accordingly, the defendant's motion for clarification (docket no. 151) is denied.

**IT IS SO ORDERED**.

**DATED** this 20th day of July, 2015.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA